**This order is SIGNED.**

**Dated: July 15, 2019**

**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**



## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number: 18-28535 |
|---|---|
| MATTHEW JAMES WINTERS | Chapter 7 |
| Debtor. | Hon. William T. Thurman |

**MEMORANDUM DECISION ON ALDRIDGE PITE, LLP AND ORANGE TITLE'S MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 82)**

In this case, a mortgage creditor postponed a scheduled nonjudicial foreclosure sale upon notice of the Debtor's bankruptcy filing. Shortly after the Debtor filed the Chapter 7 petition, the successor trustee, Orange Title, cancelled the foreclosure sale and filed a Motion for Relief From Stay. Subsequently, the Debtor sought an order for contempt and sanctions against Orange Title, PennyMac Loan Services ("PennyMac"), and the law firm Aldridge Pite ("AP"), asserting that the postponement of the foreclosure sale was an impermissible violation of the automatic stay. In response, AP, joined by Orange Title, filed a motion for summary judgment requesting that the Court deny the Debtor's motion for contempt sanctions. Dkt. No. 82. Hereinafter, all references to the docket will be in Case No. 18-28535 unless otherwise specified. PennyMac filed a Joinder to

AP and Orange Title's Motion for Summary Judgment (the "MSJ"), and Memorandum in Support, requesting the same relief. Dkt. No. 89.

The matter before the Court is AP and Orange Title's Motion for Summary Judgment as to whether Orange Title's postponement of the nonjudicial foreclosure sale constituted a sanctionable violation of the automatic stay. The Court conducted a hearing on AP and Orange Title's MSJ on April 26, 2019.  The Court has reviewed the briefing, including the exhibits attached to AP and Orange Title's Motion (Dkt. No. 82), and the Debtor's Memorandums in Opposition, Dkt. Nos. 90 & 94) and has conducted its own independent research of applicable law. For the reasons set forth in this memorandum decision, the Court will grant AP and Orange Title's Motion for Summary Judgment.

## I. JURISDICTION AND VENUE

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(a)–(b), 157(b). AP and Orange Title's Motion for Summary Judgment is a core proceeding under 28 U.S.C. § 157(b)(2)(H). Venue is appropriate in this District under 28 U.S.C. §§ 1408–1409, and notice of the hearing was properly given to all parties in interest.

## II. UNDISPUTED FACTS

1. Debtor is the owner of real property commonly known as 8084 S. Partridge Run Way, West Jordan, UT 84088. Dkt. No. 18.

2. PennyMac Loan Services, LLC, is the current beneficiary under a Deed of Trust encumbering the Subject Property. The Deed of Trust is dated December 22, 2015 and was recorded in the official records of Salt Lake County on December 23, 2015, as instrument number 12194160. Dkt. No. 82.

3. The Deed of Trust was assigned to PennyMac by an assignment recorded in the official records of Salt Lake County on June 16, 2017, as instrument number 12557034. Dkt. Nos. 38-1 and 38-2, respectively, Exs. A and B. Declaration of Orange Title in Support of Opposition to Motion for of Contempt of the Automatic Stay ("Decl. of Orange Title").

4. Orange Title was substituted as the Trustee under the Deed of Trust pursuant to an Appointment of Successor Trustee recorded in the official records of Salt Lake County on June 28, 2017, as instrument number 12565136. *Id.*, Ex. C. (Dkt. No. 38-3).

5. Orange Title, as substituted trustee under the Deed of Trust, issued a Notice of Trustee's Sale dated September 28, 2018, scheduling the nonjudicial foreclosure sale for November 14, 2018. *Id.*, Ex. D. (Dkt. No. 38-4).

6. Debtor filed the present Chapter 7 bankruptcy case on November 14, 2018.

7. Upon notification of the filing of the bankruptcy and the automatic stay, Orange Title had the auctioneer postpone the nonjudicial foreclosure sale date from November 14, 2018, to December 5, 2018. Dkt. No. 38. Decl. of Orange Title, ¶ 9.

8. As of November 21, 2018, PennyMac instructed Orange Title to cancel the foreclosure sale. Thus, the non-judicial foreclosure sale did not proceed on December 5, 2018. *Id.* at ¶ 10.

9. On January 3, 2019, PennyMac moved to terminate the automatic stay with regard to the real property on Partridge Run Way.

10. The Court conducted a hearing on PennyMac's Motion for Relief on January 31, 2019; at which time, the Court granted relief from stay. Dkt. No. 54.

11. The Debtor subsequently appealed the Court's decision to grant PennyMac's Motion for Relief to the 10th Circuit Bankruptcy Appellate Panel. Dkt. No. 56. Notice of Appeal.

The present motion before the court is somewhat related to the matter on appeal as it arises out of essentially the same facts, however, here, the Debtor is seeking sanctions for alleged violations of the stay.

12. PenneyMac voluntarily cancelled the sale on November 21, 2018 and has not sought to reschedule it.

### III. SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(a), as incorporated into bankruptcy proceedings by Fed. R. Bankr. P. 7056, the Court is required to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Substantive law determines which facts are material and which are not. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Whether a dispute is "genuine" turns on whether "the evidence is such that a reasonable [fact finder] could return a verdict for the nonmoving party." Id. In sum, the Court's function at the summary judgment stage is to "determine whether there is a genuine issue for trial." Id. at 249.

The moving party bears the burden to show that it is entitled to summary judgment, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), including the burden to properly support its summary judgment motion as required by Rule 56(c). Murray v. City of Tahlequah, Okla., 312 F.3d 1196, 1200 (10th Cir. 2002). If the moving party has failed to meet its burden, "summary judgment must be denied," and the nonmoving party need not respond because "no defense to an insufficient showing is required." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) (citation omitted). Once the moving party meets its initial burden, "the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." Concrete Works of Colorado, Inc. v.

City & County of Denver, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rely solely on allegations in the pleadings but must instead designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324.

When considering a motion for summary judgment, the Court views the record in the light most favorable to the non-moving party, Schrock v. Wyeth, Inc., 727 F.3d 1273, 1279 (10th Cir. 2013), but the Court does not weigh the evidence or make credibility determinations. Nat'l Am. Ins. Co. v. Am. Re–Insurance Co., 358 F.3d 736, 742–43 (10th Cir. 2004) (citing Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 533 (10th Cir. 1994)).

**IV.     Utah Code § 57-1-26(2) and 11 U.S.C. §§ 362 (a)(1) and (k)(1) of the U.S. Bankruptcy Code**

The Debtor has asserted Utah Code § 57-1-26(2), which governs the postponements of nonjudicial foreclosure sales, explicitly mandates that the trustee immediately cancel any foreclosure sale noticed for a date after the automatic stay arose. Utah Code § 57-1-26(2), provides as follows:

> (a) The person conducting the sale may, for any cause that the person considers expedient, postpone the sale.
>
> (b) The person conducting the sale shall give notice of each postponement by public declaration at the time and place last appointed for the sale.
>
> (c) No notice of the postponed sale in addition to the notice described in Subsection (2)(b) is required, unless the postponement is for longer than 45 days after the date designated in the original notice of sale.
>
> (d) If the person conducting the sale postpones a sale for longer than the time period described in Subsection (2)(c), the person conducting the sale shall renotice the sale in the same manner required for the original notice of sale.

The Debtor has referenced this section of the Utah Code, asserting that Orange Title's oral postponement of the nonjudicial foreclosure constitutes a violation of the automatic stay in his Chapter 7 bankruptcy case.

In relevant part, 11 U.S.C. § 362(a)(1) provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title ... operates as a stay applicable to all entities, of—
> (1) the commencement or *continuation* (emphasis added)*,* including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the case.

Section 362(k)(1) further provides:

> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

It is under this last subsection that the Debtor is proceeding here.

The 10th Circuit Bankruptcy Appellate Court (the "BAP") has determined that a debtor seeking damages under § 362(k) bears the burden of proving by a preponderance of the evidence three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation. In re Kline, 472 B.R. 98, 103 (10th Cir. BAP 2012). This Court is persuaded by the reasoning in Kline. Accordingly, for reasons outlined below, the Court finds that the Debtor has failed to establish that Aldrige Pite's or Orange Title's conduct in this matter resulted in a violation of the automatic stay.

V.   **ANALYSIS**

Although this Court has not previously addressed whether the postponement of a non-judicial foreclosure sale violates the automatic stay provisions of 11 U.S.C. § 362(a), the plain language of that section and its subparts and the caselaw interpreting the same clearly rebut the

Debtor's argument that the filing of a bankruptcy petition mandates the immediate cancellation of any foreclosure sale noticed for a date/time after the automatic stay is imposed.  The Court also finds persuasive the consistent line of cases from other courts, as well as a discussion from a 10th Circuit BAP case, that have determined that postponement of a nonjudicial foreclosure sale, by itself, merely maintains the status quo, is not an attempt to collect a debt, does not constitute a violation of the automatic stay, and is not grounds for contempt.

### A. Utah Code § 57-1-26(2) Does Not Require Immediate Cancellation of a Scheduled Foreclosure Sale Upon a Debtor's Bankruptcy Filing.

The Debtor has repeatedly alleged that Utah Code § 57-1-26(2) mandates the immediate cancellation of any foreclosure sale noticed for a date/time after the automatic stay is imposed. However, the plain language of the statute demonstrates there is no such requirement.  Utah Code § 57-1-26(2) states that the trustee *may*, for reasons of expedience, postpone the scheduled sale. The Code section also provides for oral postponement at the time and place of the sale.  The only apparent mandatory provision in the Code section is that re-notice is required, which only applies if the postponement period exceeds 45 days from the original sale date.  The plain language of the statute is entirely bereft of an immediate mandatory cancellation of sale requirement, as alleged by the Debtor.

### B. Decisional Authority Uniformly Stands for the Proposition that Postponement of a Foreclosure Sale Noticed Pre-Petition Does Not Constitute a Violation of the Automatic Stay

It is not uncommon for a debtor to file a bankruptcy petition as a means to halt a pending foreclosure.  As such, it is unsurprising that courts have encountered the issue of whether a postponement of a foreclosure sale constitutes a violation of the automatic stay.  Circuit courts that

have examined the issue have uniformly determined that the postponement of a foreclosure sale does not constitute a violation of the automatic stay.

In Henson v. Bank of Am., N.A., the court evaluated whether a post-petition continuation of a foreclosure sale noticed pre-petition violated the automatic stay. Henson v. Bank of Am., N.A. (In re Henson), 477 B.R. 786,791 (Bankr.D.Colo.2012). The Henson court found that the only action that occurred post-petition was the continuance of the sale date. Id. Citing decisions from the Third, Sixth, and Ninth Circuits, the Henson court found that the act of postponement did not "continue" any process or proceeding violative of the automatic stay but was rather a preservation of the status quo. In re Henson, 477 B.R. 786.

In First Nat'l Bank of Anchorage v. Roach (In re Roach), a case cited in Henson, the debtor sought an order granting the bank relief from stay and the subsequent foreclosure sale set aside, arguing that the bank had repeatedly violated the automatic stay by publishing several successive notices postponing a foreclosure sale with a new sale date. First Nat'l Bank of Anchorage v. Roach (In re Roach), 660 F.2d 1316 (9th Cir.1981). The Ninth Circuit held that:

> The purpose of the automatic stay is to give the debtor a breathing spell from his creditors, to stop all collection efforts, harassment and foreclosure actions. The automatic stay also prevents piecemeal diminution of the debtor's estate. The automatic stay does not necessarily prevent all activity outside the bankruptcy forum. . . .Here the Bank merely maintained the status quo, and did not harass, interfere or gain any advantage. This is consistent with the purpose of the automatic stay provision.

In re Roach, 660 F.2d at 1318-19 (citations omitted).

The Ninth Circuit expanded further on the issue of foreclosure postponement with the In re Peters decision. In re Peters,101 F.3d 618 (9th Cir.1996). In Peters, the issue was whether the mortgage lenders violated the automatic stay with multiple postponements of a foreclosure sale

after confirmation of the debtor's chapter 13 plan. The Peters court rejected the theory that plan confirmation effected an immediate cure and held that "postponements merely continue to maintain the status quo." Id. (citing In re Roach, 660 F.2d at 1318-19 (9th Cir. 1981)). In the present case, the issue involves a single postponement of the nonjudicial foreclosure sale for a period of 21 days which is significantly less than what existed in Peters.  This postponement likewise maintained the status quo until the sale was cancelled and was in compliance with the applicable state law governing postponement.

The Third Circuit reached the identical conclusions regarding the postponement of a Sheriff's Sale during bankruptcy. *See* Taylor v. Slick, 178 F.3d 698 (3rd Cir. 1999). In Taylor, the mortgage holder continued a sheriff's sale after the debtor filed bankruptcy, ultimately obtaining relief from stay and completing the sale. In a subsequent adversary case, the Taylor court rejected the debtor's assertion that continuance of the sale after filing of the bankruptcy petition violated the automatic stay.  In reaching its decision, the Taylor court determined that the continuation of the sheriff's sale "effectuates the purposes of § 362(a)(1) by preserving the status quo until the bankruptcy process is completed or until the creditor obtains relief from the automatic stay." Taylor, 178 F.3d at 702. Taylor further noted that a postponement does not, by itself, permit a rescheduled sale to occur absent relief from stay, but allows the creditor to avoid duplicative foreclosure costs (that would actually be detrimental to the debtor), that would occur if cancellation were mandated. Id.

Decisions from the both the 1st and 10th Circuits Bankruptcy Appellate Panels also have held that the postponement of a nonjudicial foreclosure sale post-petition did not constitute a violation of the automatic stay.  In Witkowski v. Knight, the 1st Circuit BAP held that continuing a foreclosure sale date from month to month, as provided for under Rhode Island law, merely

maintains the status quo and did not measurably prejudice the debtor's economic interests. Witkowski v. Knight, 523 B.R. 291, 300 (B.A.P. 1st Cir. 2014).

The 10th Circuit BAP's decision in In re Derringer, is also in keeping with the weight of authority that finds that a postponement of a foreclosure sale, by itself, does not violate the automatic stay. In re Derringer, 375 B.R. 903 (10th Cir. BAP 2007). In Derringer, the mortgagee mailed a foreclosure notice to the debtor and filed the notice in state court- during the debtor's bankruptcy case. Id. The court in Derringer distinguished the continuation of a foreclosure sale during the pendency of the case, which would not by itself violate the stay, and the creditor mailing the foreclosure notice to the debtor and filing it in state court. Id. at 911. The additional steps taken were not the permissible postponement of the foreclosure sale, but rather the initiation of a new foreclosure proceeding, in willful violation of the automatic stay. Id.; *see also* Barnett Bank of Southeast Georgia v. Trust Co. Bank of Southeast Georgia (In re Ring), 178 B.R. 570, 574 (Bankr.S.D.Ga.1995) (advertising a sale prior to obtaining relief from stay is a violation); In re Franklin Mtg. & Inv. Co., Inc., 143 B.R. 295, 303 (Bankr.D.D.C.1992) (sending notice of a sheriff's sale to a court directing it to publish the notice violated the stay); In re Demp, 23 B.R. 239, 240 (Bankr.E.D.Pa.1982) (causing debtor's property to be posted for a sheriff's sale post-petition violated the automatic stay). All of these latter cases stand for the proposition that there can be a violation of the stay in some cases, but none show that merely postponing a foreclosure sale violated the stay.

The present case does not involve the initiation of a new foreclosure proceeding, and no additional steps were taken in the foreclosure process. The only "act" that occurred in this matter was the postponement of the sale date, which was later cancelled. The Court finds persuasive the analyses of the Third, Sixth, and Ninth Circuits, as well as the 1st and 10th Circuit

B.A.P.s in their interpretation of the term "continuation", as used in § 362(a)(1). The continuation of the foreclosure in this case, was permissively conducted accorded to state law, and merely maintained the status quo.

## VI.   CONCLUSION

Under Fed. R. Civ. P. 56(a), as incorporated into bankruptcy proceedings by Fed. R. Bankr. P. 7056, the Court is required to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Based upon the relevant undisputed facts, the Court finds no genuine dispute of material fact as to whether Orange Title, the substituted trustee for PennyMac, or Aldridge Pite, the law firm with no involvement in the postponed foreclosure sale, violated the automatic stay.  For the reasons stated above, the Court will grant summary judgment in favor of Aldridge Pite, Orange Title, and PennyMac and finds the following:

1. The postponement of the nonjudicial foreclosure sale in this matter, followed by its cancellation, did not constitute a violation of the automatic stay as a matter of law.

2. No grounds exist to find a violation of the Bankruptcy Code that would give rise to this Court's exercise of contempt authority.

3. Consequently, there is no basis for the Court to impose sanctions on Aldridge Pite, Orange Title, or PennyMac.



# DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **MEMORANDUM DECISION ON ALDRIDGE PITE, LLP AND ORANGE TITLE'S MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 82)** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Jennifer Y. Golden     jennifer.y.golden@usdoj.gov, western.taxcivil@usdoj.gov
- Mary M. Hunt tr     hunttrustee@dorsey.com, hunt.peggy@dorsey.com;UT18@ecfcbis.com
- Alan Michael Hurst     alan.hurst@akerman.com, tracey.wayne@akerman.com
- Dean A. Stuart     dean@richardsandassociateslawoffice.com, lynn@richardsandassociateslawoffice.com
- Jared Christopher Tingey     jared.tingey@westjordan.utah.gov
- United States Trustee     USTPRegion19.SK.ECF@usdoj.gov
- Tyler S. Wirick     ecfutb@aldridgepite.com, TWirick@ecf.courtdrive.com

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

**Matthew James Winters**
8084 Partridge Run Way
West Jordan, UT 84088